PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CLEVELAND FREIGHTLINER, INC., | ) | CASE NO. 1:10CV01852 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| FEDERATED SERVICE INSURANCE CO., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** (Resolving ECF No. 9) |

Before the Court is Defendant Federated Service Insurance Company's ("Federated") Motion to Dismiss Plaintiff Cleveland Freightliner, Inc.'s ("CFI") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 9. For the reasons discussed below, the Court grants Defendant Federated's Motion to Dismiss.

## I. Factual and Procedural Background

In the instant case, CFI has brought a cause of action arising from the refusal of its insurance provider, Federated, to defend and indemnify CFI against claims made against CFI in State court.

### A. Factual Background

CFI sells commercial trucks and related equipment. ECF No. 9-1 at 6. In May 2008, CFI submitted a financing application to a company that provides loans for the purchase of commercial equipment–Mericap Credit Corporation–on behalf of a CFI customer. ECF Nos. 1-1 at 342, ¶ 1;9-1 at 8. Mericap provided a loan to CFI's customer to purchase a commercial dump truck from CFI. ECF No. 9-1 at 8. CFI's customer subsequently defaulted on the loan. ECF No.

(1:10CV01852)

9-1 at 9.

Mericap alleges that CFI either intentionally or negligently misrepresented that it possessed, owned, and received a down payment for the truck, among other allegations.  ECF No. 1-1 at 4,  ¶¶ 15, 16.  Mericap claims that CFI's misrepresentations induced it to provide the loan, causing Mericap to sustain damages.  ECF No. 1-1 at 4, ¶ 21.

At all relevant times CFI maintained an insurance policy with Federated.  ECF No. 1-1 at 3, ¶ 7.  CFI forwarded Mericap's State court complaint to Federated asking that Federated defend and indemnify CFI from Mericap's claims.  ECF No. 1-1 at 5, ¶ 15.  Federated refused to defend or indemnify CFI for the claims alleged in Mericap's complaint.  ECF No. 1-1 at 5, ¶¶ 18, 19.

**B.  Procedural Background**

In December 2008, Mericap sued CFI ("Mericap Illinois lawsuit") in the Circuit Court of Cook County, Illinois.  ECF No. 1-1 at 3, ¶ 11.  In that lawsuit, Mericap alleged that CFI had intentionally deceived Mericap into believing that CFI had possession of and the ability to transfer a commercial dump truck, thereby inducing Mericap to provide a loan for the purchase of the truck.  ECF No. 9 at 8-9.  Mericap asserted claims of Constructive Fraud and Violation of the Illinois Consumer Fraud and Deceptive Practices Act against CFI.  ECF No. 10-3.  The Circuit Court subsequently dismissed the Mericap Illinois lawsuit.  ECF No. 1-1 at 3, ¶ 12.

In May 2009, CFI sued Federated seeking legal defense and indemnification in the Mericap Illinois lawsuit.  ECF Nos. 9-1 at 9; 14 at 5.  CFI sought Declaratory Judgment and alleged  Breach of Contract, and Bad Faith, for Federated's refusal to, in the eyes of CFI, act as its insurance provider.  ECF No. 10-1 at 20, 21, 22.  On January 26, 2010, a different unit of the

(1:10CV01852)

District Court for the Northern District of Ohio dismissed CFI's action against Federated, holding that CFI's insurance policy with Federated did not require coverage of the Mericap Illinois lawsuit. ECF No. 9-1 at 9.

In July 2009, Mericap sued CFI again. This time Mericap filed its complaint against CFI in the Cuyahoga County, Ohio Court of Common Pleas ("Mericap's re-filed Complaint"). ECF Nos. 9-1 at 9; 1-1 at 3. Mericap's re-filed Complaint asserts causes of action of Negligent Misrepresentation and Fraudulent Misrepresentation. ECF No. 9-1 at 10. In the re-filed action, Mericap alleges similar misrepresentations and damages as in the previously described Mericap Illinois lawsuit. ECF No. 1-1 at 4.

The instant case, *CFI v. Federated*, arises from Federated's refusal to defend and indemnify CFI against the claims in Mericap's re-filed Complaint and was originally filed in an Ohio State court. ECF No. 1-1. CFI seeks Declaratory Judgment and asserts Breach of Contract and Bad Faith against Federated. ECF No. 1-1 at 5-7.

After removing the action to Federal court, on September 10, 2010, Federated filed a Motion to Dismiss CFI's Complaint for failure to state a claim. ECF Nos. 9; 14; 15.

## II. Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-plead allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting

(1:10CV01852)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While legal conclusions can provide the framework of a complaint, the[] [well-pleaded factual allegations] must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.  Despite the overruling of *Conley v. Gibson*, 355 U.S. 41, 47 (1957), it remains that Fed. R. Civ. P. 8(a)(2), is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"Although this is a liberal pleading standard, it requires more than the bare assertion of legal conclusions.  Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *First Am. Title Co. v. DeVaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (quoting *Se. Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006)).  In other words, claims set forth in a complaint must be plausible, not just than conceivable. *Twombly*, 550 U.S. at 570. "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 U.S. at 1950 (citing Fed.R.Civ.P. 8(a)(2)).

To determine whether a claim should proceed, the Supreme Court has set forth a legal "plausibility standard" to assess whether the facts convincingly suggest actionable conduct, rather than merely describing conduct that actually occurred. *Twombly*, 550 U.S. at 556 n.3; *see*

-4-

(1:10CV01852)

R<small>AKESH</small> N. K<small>ILARU</small>, *The New Rule 12(b)(6): Twombly, Iqbal, and the Paradox of Pleading*, 62 Stan. L. Rev. 905, 910-11 (2010). Applying this standard, district court judges should weigh the facts and determine, when necessary, whether they are sufficient to "nudge [the] claims across the line from conceivable to plausible" based on their "judicial experience and common sense." *Twombly*, 550 at 570; *Iqbal*, 129 S. Ct. at 1950. A suit may proceed as long as plaintiff's complaint crosses that threshold. *Twombly*, 550 at 570.

Notably, a court's skepticism about whether the alleged conduct had actually occurred does not justify dismissal of a complaint. Alternatively, the *Twombly* Court instructed lower courts to ask whether the facts alleged in the complaint actually constitute actionable conduct. *Twombly*, 550 U.S. 564-70 (holding that the legal plausibility standard mandated dismissal).

### III.  Discussion

CFI's insurance policy requires Federated to defend and indemnify CFI against claims alleging "property damage" due to an "occurrence."  ECF No. 1-1 at 3, 5 ¶¶ 8, 9, 17.

Federated argues that none of the claims in Mericap's re-filed Complaint allege "property damage" or an "occurrence" within the contracted coverage.  ECF No. 9-1 at 13.  Conversely, CFI contends that Mericap's re-filed Complaint, specifically the claim of negligent misrepresentation, alleges "property damage" due to an "occurrence."  ECF No. 1-1 at 5.

**A. CFI's Insurance Policy Covers "Property Damage" Due to an "Occurrence"**

Federated's Commercial General Liability Policy with Plaintiff, Policy No. 9929611, states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance

(1:10CV01852)

applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. ECF No. 10-5 at 1.

This insurance applies to "bodily injury" and "property damage" only if:

(1) the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; . . . ECF No. 10-5 at 1.

'Property damage' under the CGL is defined as '(a) physical injury to tangible property, including all resulting loss of use of that property . . . (b) loss of use of tangible property that is not physically injured.' The policy defines 'occurrence' as 'an accident, including continuous or repeated exposure to substantially the same general harmful conditions.' ECF No. 10-5 at 14, 15.

An insurance provider's duty to defend or indemnify is limited to the allegations in the complaint against the insured party. *United States Fire Insurance Company v. Chardon Rubber Company*, Case No. 91-3306, 961 F.2d 1580, 1992 WL 92671, at *3 (6th Cir. Apr. 23, 1992) (holding that commercial insurance provider had no duty to defend or indemnify insured party when damages sought in complaint against the insured were for economic loss and no property damage was alleged in the underlying complaint).

**B. Mericap's re-filed Complaint Does Not Allege "Property Damage"**

Defendant Federated argues that no property damage is alleged in Mericap's re-filed Complaint. ECF No. 9 at 16. "Property damage" is defined as "physical injury to tangible property" or the "loss of use of tangible property." ECF No. 10-5 at 15. At its most basic level, Federated argues that Mericap's re-filed Complaint does not allege that the truck was damaged or that Mericap lost the use of the truck. ECF No. 9 at 17.

Plaintiff CFI disagrees. ECF No. 14 at 19. Specifically, CFI claims that Mericap's re-

(1:10CV01852)

filed Complaint alleges loss of use of tangible property because Mericap lost the use of the dump truck as collateral. ECF No. 14 at 19. CFI contends that after a default, a secured party is entitled to take possession of the collateral. ECF No. 14 at 19. Consequently, according to CFI, Mericap <u>does</u> allege a loss of use of tangible property in its complaint.[1] ECF No. 14 at 19.

Despite the protestations of CFI, Mericap's re-filed Complaint does not allege physical injury to tangible property or loss of use of tangible property that is not physically injured. Because Mericap's re-filed Complaint does not allege "property damage," CFI's Commercial Liability Policy with Federated does not cover the claim. *See* Section A.

### 1. The Cases that CFI Relies Upon Are Distinguishable

Case law relied upon by CFI does not demand a contrary result. In *Marlin Financial & Leasing v. Nationwide*, a lease broker sued its insurance provider for failing to defend and indemnify it against the claims of a bank. 157 S.W.3d 796, 804 (Ct. App. Tenn. 2005). The bank's claim was based on its inability, because of the broker's negligence, to use some of the property it had a right to use under the assigned contract documents. *Id*. at 811. The bank's damages were found to constitute a loss of use of tangible property because the lease agreement in question gave the bank the right to take physical possession of all of the subject property upon bankruptcy. *Id*. at 810.

Similarly, in *Hartzell Industries, Inc. v. Federal Insurance Company*, a fan manufacturer sued its insurance provider seeking indemnification from the claims of a power company that lost

---

[1] Federated also argues that Mericap, contrary to CFI's insinuations, does not allege that it had the right or lost its right to possess or use the truck as collateral. ECF No. 9-1 at 17. Rather, Mericap sought damages for its reliance on misrepresentations.

(1:10CV01852)

use of its boiler house after a fan broke down. 168 F.Supp.2d 789, 791 (S.D. Ohio 2001). The District Court held that the power company's damages constituted "property damage," finding that the "Court cannot conceive of damages for the loss of use of tangible property that is not physically injured being anything other than 'purely economic losses.'"[2] Id. at 796.

In contrast to the underlying claims in the cases relied upon by CFI, Mericap's re-filed Complaint does not allege loss of use of tangible property. More to the point, Mericap's re-filed Complaint does not allege that Mericap lost interest in collateral or that Mericap lost its right to use the truck. Mericap's claim, unlike the bank in *Marlin Financial*, is not based on its inability to use some property it had a right to use by contract. Rather, Mericap's complaint is based upon economic damages sustained in reliance upon CFI's misrepresentations.

### 2. The Related Northern District of Ohio Case Involving Mericap's Illinois Lawsuit

As mentioned above, another unit of the District Court for the Northern District of Ohio previously held that Mericap's Illinois lawsuit did not allege any property damage under the insurance policy definitions. Cleveland Freighliner, Inc. v. Federated Service Insurance Co., Case No. 1:09CV1108, 2010 WL 395626, at *5 (N.D. Ohio Jan. 26, 2010). The complaints filed by Mericap in both Illinois and Ohio allege that CFI's representations induced Mericap to provide financing to the CFI customer that later defaulted on the loan. ECF Nos. 1-1, 10-3. Both complaints allege that as a direct and proximate result of CFI's misrepresentations, Mericap

---

[2] CFI uses the quote from *Hartzell* out of context. In *Hartzell*, the "purely economic losses" stemmed from the power company's loss of use of tangible property, *i.e.* the boiler house. Id. at 796. Unlike the power company in *Hartzell*, Mericap did not lose or allege the loss of use of tangible property.

-8-

(1:10CV01852)

suffered damages. ECF Nos. 1-1 at 5; 10-3 at 3. The same Commercial Liability Insurance policy is involved in both cases. Based upon those allegations, that unit of the Northern District of Ohio Court granted Federated's motion to dismiss finding that Mericap had not alleged damage to tangible property, loss of the use of tangible property (*e.g.* the dump truck), or loss of a security interest in the dump truck. *Cleveland Freightliner, Inc.*, 2010 WL 395626, at *5.

Similarly, in the instant matter, no damage to property is alleged in Mericap's re-filed Complaint. Like Mericap's Illinois lawsuit, Mericap's re-filed Complaint does not allege damage to tangible property, loss of use of tangible property (*e.g.* the dump truck), or loss of a security interest in the dump truck. ECF No. 1-1. Thus, Federated's motion to dismiss is well taken.

### C. Mericap's re-filed Complaint Does Not Allege an "Occurrence"

#### 1. Fraudulent Misrepresentation Is Not an "Occurrence"

Mericap's claims of fraudulent misrepresentation do not allege an "occurrence" because the claims allege intentional conduct. CFI's insurance policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." ECF No. 10-5 at 14. Under Ohio law, "accident" is defined as "unintended and unexpected happenings." *Owens-Illinois, Inc. v. Aetna Cas. Ins. Co.*, 990 F.2d 865, 872 (6th Cir. 1993) citing *Hybud Equip. Corp. v. Sphere Drake Ins. Co.*, 64 Ohio St.3d 657, 597 N.E.2d 1096 (1992) ("Ohio courts have consistently described the ordinary meaning of "accident" to refer to unintended and unexpected happenings."). Because Mericap's fraudulent misrepresentation claims allege intentional conduct, these claims do not constitute an "accident" or "occurrence."

(1:10CV01852)

### 2. The Alleged Negligent Misrepresentation Is Not an "Occurrence"

Federated argues that no "occurrence" is alleged even though a cause of action for negligent misrepresentation is asserted in addition to *intentional* misrepresentation. ECF No. 9-1 at 15. Federated contends that it is unclear how CFI's alleged misrepresentations could have been anything but intentional. ECF No. 9-1 at 16. Federated argues that CFI does not, and cannot, assert that it did not know that it did not own, possess, or deliver the truck and that it did not receive a down payment for the truck. ECF No. 9-1 at 16.

CFI disagrees and argues that the facts underlying Mericap's re-filed Complaint clearly demonstrate negligent conduct, which is an "occurrence" as defined by the policy. ECF No. 14 at 12, 13, 15.

Under Ohio law, a negligent misrepresentation which causes economic damages is not an "occurrence" as defined by the insurance policy. *See Cincinnati Insurance Company v. Anders, 99 Ohio St.3d 156, 160, 789 N.E.2d 1094, 1098 (2003)*. In *Cincinnati Insurance*, a home purchaser sued the seller claiming negligent misrepresentation for allegedly failing to disclose structural damage. *Id*. at 1095, 157. The Supreme Court of Ohio held that the purchaser's claim did not meet the "occurrence" requirement of the seller's insurance policy because the alleged negligent non-disclosure was not an accident that resulted in property damage but, rather, an accident that allegedly caused economic damages. *Id*. at 1098, 160. Because the alleged non-disclosure did not cause property damage, there was no "occurrence" within the scope of the seller's insurance policy. *Id.*

Similarly, because Mericap's re-filed Complaint does not allege damage to property, the

-10-

(1:10CV01852)

alleged negligent misrepresentation is not an "occurrence" within the scope of CFI's insurance policy.  Thus, Defendant Federated has no duty to defend or indemnify CFI because Mericap's re-filed Complaint does not allege an "occurrence" within the scope of CFI's insurance policy.

### IV. Conclusion

Plaintiff CFI fails to state plausible claims for relief because the factual allegations as set forth in Mericap's re-filed Complaint do not allege "property damage"or an "occurrence" as defined by the insurance policy with Federated.  Therefore, the Court finds that Defendant Federated owes no duty to defend or indemnify CFI against the claims made in Mericap's re-filed Complaint.

Accordingly, Federated's motion to dismiss is granted and the case is dismissed.

IT IS SO ORDERED.

| | |
|---|---|
| June 17, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |